

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | (signature) |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4554 | **DATE** | 6-21-12 |
| **CASE TITLE** | Reginald BoClair (#B-39522) vs. Michael P. Atchison, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure to show good cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Reginald BoClair, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 1992 conviction for first degree murder on the grounds that: (1) his guilt was not established beyond a reasonable doubt; (2) counsel was ineffective; (3) he was subjected to a "vindictive" prosecution; and (4) the State committed unremedied discovery violations.

    The petitioner having show that he is indigent, his motion to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why his petition for a writ of habeas corpus should not be dismissed as untimely.

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable **(CONTINUED)**

mjm

to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

Even assuming that the petitioner's multiple state post-conviction petitions were all "properly filed" for purposes of AEDPA, his federal petition appears to be time-barred. The petitioner's conviction became "final" upon the Illinois Supreme Court's decision to affirm in 1996. Three years later, he filed a post-conviction petition, and then a second one in 1999, both of which were finalized in November 2002. A third post-conviction petition filed in 2001 was finalized in March 2002. Eleven months later, the petitioner filed a fourth post-conviction petition; the last date he provides relating to the latest round of state proceedings is 1996.

The federal petition for a writ of habeas corpus now before the court was received on June 12, 2012, evidently more than one year after the petitioner's direct and collateral attacks in state court were exhausted.

The petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.