UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. Reginald Boclair, | ) ) ) | No. 12 C 4554 |
| Petitioner, | ) ) | |
| v. | ) ) ) | Judge Thomas M. Durkin |
| Rick Harrington, Warden,[1] Menard Correctional Center, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Reginald Boclair, a state prisoner serving a natural-life sentence for first degree murder and aggravated discharge of a firearm, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Respondent Warden Rick Harrington responded to the petition, arguing that the petition should be dismissed as untimely because Boclair failed to comply with the one-year statute of limitations imposed by

---

[1] Boclair initially named as respondent Michael Atchison, the warden of Menard Correctional Center, where Boclair was incarcerated when he filed his § 2254 petition. *See* Rule 2(a) of the Rules Governing Section 2254 Cases. Rick Harrington is now the warden of Menard Correctional Center where Boclair continues to reside. Accordingly, Warden Harrington is substituted as the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held."); *see also Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

[2] With this § 2254 petition, Boclair challenges the conviction entered in case 90 CR 25621. Boclair was also previously convicted of first degree murder in case 89 CR 24879. The trial court in case 90 CR 25621 ordered that Boclair's natural-life sentence in that case run concurrently with the sentence entered in Boclair's 89 CR 24879 case. *See* R. 20, Exh. O.

1

§ 2244(d)(1) or, alternatively that the petition should be denied because the claims raised in the petition are either procedurally defaulted or without merit. R. 20. Because the petition is untimely, the Court need not reach the merits of Boclair's claims. The petition is dismissed, and a certificate of appealability is denied.

## Analysis

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). Because Boclair's petition was filed more than a year after the conclusion of direct review, § 2244(d)(1)(A),[3] the petition is untimely.

---

[3] Boclair does not allege a state-created impediment to filing, assert a newly recognized and retroactively applicable constitutional right, or point to a factual predicate of a claim that could have been discovered through the exercise of due diligence. Accordingly, §§ 2244(d)(1)(B), (C), and (D) are inapplicable.

Boclair's state court conviction became final on December 31, 1996. This date was 90 days after the Illinois Supreme Court denied Boclair's direct appeal petition for leave to appeal ("PLA") on October 2, 1996, R. 20, Exh. E, when the time to file a certiorari petition in the United States Supreme Court passed. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (holding judgment of conviction became final "when the time for pursuing direct review in [the Supreme] Court" expired). Boclair argues that the finality of his conviction should be calculated by using the date that the Illinois Supreme Court issued its mandate (November 19, 1996), not the date that the court actually issued its decision denying the PLA (October 2, 1996). R. 25 at 2-3. Boclair's proposed method of calculation, however, has been squarely rejected by the Seventh Circuit. *See Griffith v. Rednour*, 614 F.3d 328, 329 (7th Cir. 2010) (citing *Wilson v. Battles*, 302 F.3d 745, 747-48 (7th Cir. 2002) (review by Illinois Supreme Court ends on its decision date, rather than on date of issuance of mandate)).[4]

Boclair's properly filed April 21, 1997 state postconviction petition, R. 20, Exh. F at C20, immediately tolled the limitations period under 28 U.S.C. § 2244(d)(2). *See Wilson*, 302 F.3d at 747. At this point, 111 days of untolled time had elapsed. The limitations period remained tolled until October 2, 2002, when the Illinois Supreme Court denied Boclair's postconviction PLA. *See also Lawrence v.*

---

[4] Boclair also suggests that the limitations period in each of his state postconviction rounds was tolled until the Illinois Supreme Court issued its mandate. R. 25 at 2-3. But *Wilson* forecloses this argument as well. The limitations period therefore immediately began running the day after the Illinois Supreme Court entered its decision denying Boclair's PLAs in each of his state postconviction rounds.

3

*Florida*, 549 U.S. 327, 332 (2007) (providing for no tolling while certiorari petition following conclusion of state postconviction proceedings was pending); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (indicating no tolling available during 90-day period where habeas petitioner could have, but did not, seek certiorari following conclusion of state postconviction proceedings).

More untolled time elapsed—134 days—before Boclair mailed his third postconviction petition to the state circuit court on February 13, 2003.[5] R. 20, Exh. P at C44. That petition was pending for over eight years until November 30, 2011, when the Illinois Supreme Court denied Boclair leave to appeal the state appellate court's judgment affirming the denial of postconviction relief. R. 20, Exh. W. An additional 159 days of untolled time elapsed between November 30, 2011 and May 7, 2012, when Boclair mailed his § 2254 petition to this Court.[6] *See* R. 1-2 at 15.

---

[5] Boclair's second postconviction petition—which was mailed in February 2001 and remained pending until April 12, 2002—had no independent tolling effect. *See* R. 20, Exh. M at C16; Exh. O. At the time Boclair mailed that petition, the statute of limitations was already tolled because his first postconviction petition was still pending in state court.

[6] The Warden indicates that Boclair's § 2254 petition should be deemed filed on June 8, 2012, the date that the mailing envelope was received by the prison mailroom and the date that the envelope was postmarked. Attached to Boclair's § 2254 petition is a notice of filing and certificate of service, which indicates that he deposited his § 2254 petition in the prison mailroom with postage prepaid on May 7, 2012. R. 1-2 at 15. This is sufficient to comply with Rule 3(d) of the Rules Governing Section 2254 Cases. ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing . . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."). Accordingly, the Court gives Boclair the benefit of the mailbox rule and the earlier May 7, 2012 filing date. Boclair's § 2254 petition is nevertheless untimely applying this earlier filing date.

Calculating the total number of days of untolled time (111 + 134 + 159), 404 days in total elapsed between the date Boclair's judgment became final and the date on which he filed his § 2254 petition in this Court. The petition is therefore untimely under § 2244(d)(1)(A) because it was filed more than one year after Boclair's judgment of conviction became final.

There is no basis for equitable tolling of the limitations period. Indeed, Boclair has not even requested that such tolling be applied. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Griffith*, 614 F.3d at 331. Nothing in the record indicates that some extraordinary circumstance stood in the way of a timely filing. Rather, the late filing appears to have resulted from Boclair's decision to pursue numerous collateral attacks in state court. Should Boclair argue that his untimeliness is due to his misunderstanding of the law—Boclair appears to have misunderstood how to calculate the running of the limitations period—such misunderstanding does not permit tolling. *See, e.g.*, *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.") Because Boclair's untimely filing was ultimately attributable to his own litigation strategy and not any extraordinary

5

circumstance outside of his control, the application of equitable tolling is not warranted.

Boclair makes fleeting mentions—in the context of excusing the procedural default of his habeas claims—to his actual innocence. R. 25 at 4, 13, 17, 21. To the extent that he argues that his actual innocence excuses his untimeliness, that claim fails. Long-standing Seventh Circuit precedent established that a showing of actual innocence did not excuse untimeliness under § 2244(d). *See, e.g.*, *Griffith*, 614 F.3d at 331; *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005). The Supreme Court, however, recently concluded to the contrary, holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court, however, reiterated the very high hurdle that habeas petitioners must clear to pass through the actual innocence gateway to excuse the statute of limitations bar: "tenable actual-innocence gateway pleas are rare," and the standard by which actual innocence gateway pleas are judged is "'demanding' and seldom met." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Confirming the standard for judging actual innocence gateway claims set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995), the Court held that "'a petitioner does not meet the threshold requirement [to excuse claims untimely due to the expiration of the statute of limitations] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).

6

Boclair fails to offer any "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy or eyewitness accounts, or critical physical evidence—that was not presented at trial'" to make out a claim of actual innocence. *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324). He instead rests his claim of innocence on (1) his challenge to the evidence that was presented at trial as inconsistent and contradictory and thus wrongly interpreted by the state trial court; and (2) the testimony of two witnesses whom he alleges trial counsel was ineffective for not calling: Assistant State's Attorney ("ASA") Borowitz and Edwina Allen.

Following a bench trial, Boclair was convicted of shooting and killing Walter Deramus. The evidence at trial included three eyewitnesses identifying Boclair as the shooter, Boclair's confession to committing the crime, and the testimony of a disinterested witness who could not identify Boclair as the shooter but corroborated the eyewitnesses' accounts of the events in question. In finding Boclair guilty, the trial court rejected Boclair's challenges to the sufficiency of the evidence. Absent clear and convincing evidence to the contrary, which Boclair has not presented, the trial court's factual findings are therefore presumed correct under § 2254(e)(1). *Morgan v. Hardy*, 662 F.3d 790, 797-98 (7th Cir. 2011).

As to Boclair's new proposed evidene, that is insufficient as well to establish Boclair's actual innocence. The substance of ASA Borowitz's proposed testimony— she would testify that she initially decided to charge another individual with the victim's murder but later dropped those charges in exchange for that individual's

7

testimony against Boclair—moreover was already known to the trial court.[7] Another witness at trial testified to this fact. Moreover, the substance of Allen's testimony, the Court finds, was not probative on the key issue at trial: the shooter's identity.[8] Allen would have testified that she saw two men running after she heard noises that sounded like gunshots. This testimony, however, does not indicate that she could have identified anyone as the shooter. At best, Allen's testimony could have contradicted one of the witness' testimony on a collateral issue—what direction one of the witnesses' fled after the shooting.

Accordingly, when considering the entirety of the evidence presented at trial and the proposed testimony of ASA Borowitz and Edwina Allen, the Court finds that Boclair's evidence in support of his actual innocence is not so "'strong that a court cannot have confidence in the outcome of the trial.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316 (approving of district court's evaluation and rejection of habeas petitioner's new proffered evidence in support of actual innocence-gateway claim)); *cf. Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) ("[I]t is black letter law that the testimony of a single eyewitness suffices for

---

[7] Boclair asserts in his § 2254 petition that ASA Borowitz would testify as he proposes. For purposes of the actual innocence analysis, the Court assumes this witness would testify in the manner that Boclair suggests she would.

[8] Following Boclair's trial, trial counsel moved to set aside the guilty verdict on the basis that Edwina Allen's testimony constituted newly discovered evidence. In support of this motion, trial counsel made an offer of proof regarding the substance of Allen's proposed testimony to the trial court. R. 20, Exh. Y at G4-6. After considering counsel's summary of Allen's proposed testimony, the trial court concluded that there was no basis on which to grant Boclair's motion. *Id.* at G6.

8

conviction even if 20 bishops testify that the eyewitness is a liar.") (quoting *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005)). Accordingly, Boclair cannot excuse his untimeliness.

For these reasons, Boclair's petition is untimely, and it is dismissed.[9] Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). And where a petition is disposed of based on a procedural bar, without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if reasonable jurists would find the adjudication of the antecedent procedural ruling "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Lavin*, 641 F.3d at 832. Because the untimeliness of Boclair's petition is not debatable, a certificate of appealability is denied. *See Slack*, 529 U.S. at 584. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

---

[9] Because the petition is untimely, the Court need not reach the Warden's additional arguments that the petition should be denied because the claims are either procedurally defaulted or barred by 28 U.S.C. § 2254(d).

9

**Conclusion**

For the foregoing reasons, Boclair's § 2254 petition is dismissed with prejudice as untimely, and a certificate of appealability is denied.

ENTERED:

*/s/ Thomas M. Durkin*

Thomas M. Durkin
United States District Judge

Dated: October 21, 2013